Submitted remand November 30, 2009, reversed and remanded on negligence claim of Bradley Coleman; otherwise affirmed March 3, 2010

Bradley COLEMAN
and Bonnie Coleman,
husband and wife,
*Plaintiffs-Appellants,*

*v.*

OREGON PARKS AND RECREATION DEPARTMENT,
by and through State of Oregon,
and John Does 1-3,
*Defendants-Respondents.*

Coos County Circuit Court
05CV0272; A131472

227 P3d 815

George W. Kelly for appellants.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Brendan C. Dunn, Assistant Attorney General, for respondents.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

This appeal is before us on remand from the Supreme Court, which reversed our prior decision, *Coleman v. Oregon Parks and Recreation Dept.*, 221 Or App 484, 190 P3d 487 (2008) (*Coleman I*), and remanded for consideration of an issue that we did not reach in that decision, namely, whether the trial court erred by dismissing a claim for loss of consortium because of a failure to provide the required notice of that claim. *Coleman v. Oregon Parks and Recreation Dept.*, 347 Or 94, 217 P3d 651 (2009) (*Coleman II*). For the reasons set forth below, we affirm the trial court as to that issue.

Plaintiffs are Bradley Coleman and his wife, Bonnie Coleman. After Bradley was injured while biking in a state park, he asserted a claim against the state for negligence, and Bonnie asserted a claim for loss of consortium. The trial court granted the state's motion for summary judgment on those claims on the basis of the recreational immunity stat- ute and, as to Bonnie's claim, on the alternative basis of fail- ure to comply with the notice requirements of ORS 30.275, a provision of the Oregon Tort Claims Act. In *Coleman I*, we affirmed the trial court's decision on the recreational immu- nity statute grounds and therefore did not reach the notice issue. 221 Or App at 487 n 2. In *Coleman II*, the Supreme Court reversed as to the recreational immunity issue and remanded for this court to consider the notice issue.

In the light most favorable to plaintiffs, ORCP 47 C, the facts concerning notice are as follows. Bonnie arrived at the location of Bradley's accident shortly after it occurred and "was present while state employees were on the scene. It was made known to all at the scene that [she] was the wife of Bradley Coleman." A couple of months later, Bonnie left a message for a state employee, Becker, in which she told Becker that she was Bradley's wife and asked Becker to call her for more information. Plaintiffs subsequently provided formal notice of Bradley's claim; that notice did not mention Bonnie.

The applicable statute concerning notice is ORS 30.275, which provides, in part:

"(1)   No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.

"* * * * *

"(3)   Notice of claim required by this section is satisfied by:

"* * * * *

"(b)   Actual notice of claim as provided in subsection (6) of this section;

"* * * * *

"(6)   Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering tort claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body."

Plaintiffs acknowledge that Bonnie did not provide formal notice, but they contend that they provided actual notice of her claim. According to plaintiffs, the state "got timely notice of [Bradley's] claim, knew that the claim involved a broken neck (which almost necessarily would give rise to a consortium claim), and knew that [Bradley] was married. The purpose of the statute—to give the state an opportunity to investigate and settle claims—was satisfied." The state responds, among other things, that Bonnie did not provide any communication that would cause a reasonable person to conclude that she intended to assert a claim. We agree.

The Supreme Court has explained that, under ORS 30.275(6),

" 'actual notice' is a communication that (1) allows the recipient to acquire 'actual knowledge of the time, place and circumstances' that give rise to the specific claim or claims that the plaintiff ultimately asserts; and (2) would lead a

reasonable person to conclude that the plaintiff has a general intent to assert *a* claim."

*Flug v. University of Oregon*, 335 Or 540, 554, 73 P3d 917 (2003) (emphasis in original). In *Flug*, the plaintiff asserted that she had provided actual notice where her attorney had written letters to her employer asserting that the employer's demand for medical releases was unlawful and that her supervisors were imposing unreasonable demands. *Id.* at 549-51. Rejecting the plaintiff's argument and affirming the trial court's grant of summary judgment, the Supreme Court observed that "the import of those statements merely is that plaintiff regarded that behavior as contrary to law or unfair, not that plaintiff intended to sue over those matters." *Id.* at 554.

Here, the communications on which plaintiffs rely— that Bonnie was the wife of Bradley, who had suffered severe injuries—are even less suggestive of an intent to sue than the letters that the *Flug* court found insufficient to provide actual notice. Accordingly, we conclude that the trial court did not err by dismissing Bonnie's claim for loss of consortium.

Reversed and remanded on negligence claim of Bradley Coleman; otherwise affirmed.